**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4098**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

AJAMU SAWANDI OSBORNE,

              Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:12-cr-00155-1)

Submitted:  October 27, 2015          Decided:  December 7, 2015

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Monica D. Coleman, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ajamu Sawandi Osborne pleaded guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute a quantity of Oxycodone, 21 U.S.C. § 841(a)(1) (2012), and was sentenced to 70 months' imprisonment. He appeals, arguing that the district court abused its discretion in denying his motion to withdraw his guilty plea and in refusing to grant a reduction for acceptance of responsibility at sentencing. We affirm.

I.

After the court accepts a guilty plea, but before sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The rule does not afford a defendant an absolute right to withdraw a guilty plea, however. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The burden of showing a fair and just reason for withdrawal of the plea rests with the defendant. Id. A fair and just reason "essentially challenges" the fairness of the Rule 11 proceeding. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

2

This court has developed a nonexclusive list of factors for the district court to consider in deciding if the defendant has met his burden:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248.

"The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy [and] a properly conducted Rule 11 . . . colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003). "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Here, we find that the district court fully complied with Rule 11 in conducting Osborne's guilty plea colloquy.

Osborne claimed in his motion to withdraw that his plea was not knowing or voluntary because the police mishandled the

3

evidence. After a lengthy hearing, during which the district court heard testimony from Charleston Metro Drug Unit detectives regarding the chain of custody procedures employed by their department, the district court found that, applying the Moore factors, Osborne failed to establish a fair and just reason to allow him to withdraw his guilty plea. We find no abuse of discretion in the district court's decision.

## II.

The determination of whether a defendant is deserving of an acceptance of responsibility adjustment is a factual issue and thus reviewed for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, and thus . . . the determination of the sentencing judge is entitled to great deference on review." Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003) (internal quotations and brackets omitted). This court may reverse the district court's finding only when "left with the definite and firm conviction that a mistake has been committed." Dugger, 485 F.3d at 239 (internal quotation marks omitted).

Section 3E1.1 of the U.S. Sentencing Guidelines Manual provides for a two-level reduction for a defendant who "'clearly demonstrates acceptance of responsibility for his offense.'"

United States v. Jeffery, 631 F.3d 669, 678 (4th Cir. 2011) (quoting USSG § 3E1.1(a)). To merit this reduction, the defendant must establish by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). "[A] denial of relevant conduct is inconsistent with acceptance of responsibility." Elliott, 332 F.3d at 761 (internal quotation marks omitted); see USSG § 3E1.1 cmt. n.1. We find that the district court did not clearly err when it concluded that Osborne's motion to withdraw his guilty plea was inconsistent with acceptance of responsibility.

## III.

For the reasons given, we affirm Osborne's conviction and sentence. We deny Osborne's motions to file a pro se supplemental brief and for reconsideration of the order deferring a ruling on that motion , as well as his motion "for review and mandamus of the clerk agency final act order." We also deny Osborne's motion for oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5